In the Matter of the Claim of DELLA CURLEY, Respondent, against GREATER NEW YORK CARPET HOUSE, INC., and the EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD., Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award of death benefits to a widow and dependent child. Decedent's death was occasioned by the rupture of a peptic ulcer, the duodenum and certain intestines, causing a generalized peritonitis. The medical evidence sustains the finding of causal relation between the several ruptures and death and the operation of a " kicker," a device used in laying carpets. Deceased was required, in the operation, to press his abdomen against the handle and to kick it with his knee. The evidence as to the happening of the accident is largely hearsay and circumstantial, but it is sufficiently corroborated by two " employer's first reports of injury." Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of COMMISSIONER OF TAXATION AND FINANCE on Account of the Death of STEPHEN SCHUSTER, Deceased, Respondent, against MILROY REALTY COMPANY, Alleged Employer, and THE TRAVELERS INSURANCE COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award for death benefits payable to the Special Funds provided by subdivisions 8 and 9 of section 15 and by section 25-a of the Workmen's Compensation Law. Deceased was employed as superintendent's helper in a loft building, containing seven tenants. He was required to open the building at five o'clock in the morning and had a key thereto. His work was to " take out the ashes in the morning, clean up the stores, mop up the halls." He also did work for a tenant on the fifth floor, consisting of cleaning the floors, taking ashes out of the building and making shipments of dresses. The superintendent testified that decedent's work for the employer herein ended at six o'clock in the afternoon; that from then he had no duties in the building, and " no business to come back in the building " until the next morning. He was last seen by the superintendent before the accident in a restaurant at seven-thirty P. M. on February 10, 1937. It is conceded that death occurred as a result of a fall on the premises, the employer's report of injury stating that deceased " fell down elevator shaft from the first floor to cellar." The record contains only hearsay evidence as to the time when the accident happened, but the Board has found that it occurred on February 10, 1937, while working for his employer in the regular course of his employment. The appellants question the latter finding. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.